# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

LESLIE MICHELE FRITZ                                                                                      PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 2:09cv32-KS-MTP

SOCIAL SECURITY DISABILITY                                                                      DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiff's Motions [2][4] to proceed *in forma pauperis* ("IFP") in this civil action. The complaint seeks a review of a decision of an Administrative Law Judge in a social security matter. Having considered the motions, the undersigned recommends that they be denied.

The granting or denying of IFP status is left to the sound discretion of the district court. *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd* 422 F.2d 810 (5th Cir. 1970). It is certainly true that the "poor should have access to our courts . . . [b]ut something more that the mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis . . . ." *Evensky v. Wright*, 45 F.R.D. 506 , 507-08 (N.D. Miss. 1968).

Plaintiff filed her initial Motion for Leave to Proceed IFP [2] on February 26, 2009. In her initial Motion [2], Plaintiff stated that she receives $5000.00 a month in alimony. However, based on the pleadings, it appeared that this may have been a misprint or mistake. Accordingly, the court entered an Order [3] directing Plaintiff to file an amended motion reflecting her current financial situation and taking care to write clearly and legibly. The court also directed Plaintiff to file a statement with the court indicating whether she intended to sue the Commissioner of Social Security, Michael Astrue, rather than "Social Security Disability," since "Social Security

Disability" is not a proper party to this case. *See* Order [3].

Plaintiff filed her amended Motion for Leave to Proceed IFP [4] on July 31, 2009. In her Motion [4] and supporting affidavit, Plaintiff indicates that she is employed by Sally Beauty Supply and has an average monthly income of $1,250.00, and Plaintiff's spouse has a gross monthly pay of $3,096.00, for a total annual gross family income of $52,150.00. Plaintiff and her spouse have $120 in cash, she has $309 in her checking account, and her spouse has $100 in his checking account. Plaintiff's total monthly expenses are $500, and her spouse's total monthly expenses are $3017.00. Plaintiff and her spouse own a home or residence worth $190,000.00, although she indicates they are three payments behind and it is going into foreclosure.[1] Plaintiff and her spouse own a 2003 Pontiac Grand Prix valued at $4,000.00, and a 1995 Ford F150 valued at $3,500.00.

The court having examined the complaint and the application is of the opinion that the Motions [2][4] to proceed IFP should be denied. At a minimum, there is considerable doubt as to whether payment of the filing fee is beyond the Plaintiff's means such that she should be allowed to proceed at public expense.

As is usual in cases where a party is proceeding *pro se*, the court will take precautions to protect Plaintiff's rights including providing her with the Standing Order relating to Social Security Income cases to ensure that she is apprised of relevant case deadlines.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Plaintiff's Motions [2][4] to proceed IFP be denied.

---

[1] The amended application does not identify the debt owed on the house. Thus, the equity in the residence is unclear. The original application fixed the value of the house at approximately $135,000. *See* Motion [2] at ¶5.

The undersigned recommends that the Plaintiff be required to pay the filing fees to the clerk of court for the Southern District of Mississippi, Hattiesburg Division, United States Courthouse, 701 N. Main Street, Suite 200, Hattiesburg, Mississippi 39401 within 30 days from the date this Report and Recommendation is adopted.  If the filing fee is paid by the Plaintiff or someone other than the Plaintiff, there must be a written explanation that the payment is submitted as the filing fee in this case, Civil Action No. 2:09cv32-KS-MTP, on behalf of the Plaintiff Leslie Michele Fritz.

It is further recommended that if the filing fee is not received within the period specified above, the matter should be dismissed without further notice to the Plaintiff.

It is further recommended that the Plaintiff be warned that failure to serve the summons and complaint upon the defendant, Michael J. Astrue, within 120 days of the payment of the filing fee may result in the dismissal of this suit.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th day of August, 2009.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge